**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 1:16-cr-00202-RC-1** |
| **SULTAN ALORINI,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT SULTAN ALORINI'S OPPOSITION TO THE GOVERNMENT'S**
**MEMORANDUM IN SUPPORT OF DETENTION**

COMES NOW Sultan Alorini, by and through counsel, and respectfully submits to this Honorable Court his opposition to the government's memorandum in support of his pretrial detention. Mr. Alorini is a 28-year-old Lawful Permanent Resident who has no prior convictions or arrests and has substantial family and financial ties to the United States. For those reasons and the ones that that follow, Mr. Alorini respectfully requests that this Honorable Court release him from custody and place him under conditions of release pursuant to, and as contemplated by, 18 U.S.C. § 3142.

**I.     THE INDICTMENT AND ALLEGATIONS**

Mr. Alorini is charged in a single-count indictment for his alleged role in the kidnapping of Daumants Petrovs. In short, the government alleges that Mr. Sultan and his codefendants forced Mr. Petrovs into their vehicle outside the Grand Hyatt Hotel in Northwest Washington, D.C. The government further alleges that Mr. Alorini and his codefendants held Petrovs against his will at Alorini and Shvab's apartment for approximately 3 days, during which time they allegedly assaulted him and made ransom requests to a friend of Petrovs' living in Italy.

Despite the allure of Petrovs' dramatic narrative, holes have already developed in his story. Petrovs has repeatedly lied to law enforcement about that nature of his alleged

1

kidnapping, his relationship to his "abductors," as well as the amount they demanded in ransom. Moreover, it has come to light that Petrovs served more than 2 years in prison for fraud in his home country of Latvia. He has admitted to coming to the United States for the sole purpose of committing fraud.[1] He has admitted to committing credit card fraud while in the United States and to defrauding his criminal associate in Latvia by not sharing the proceeds of his crimes. The government has also made counsel aware that Petrovs recently visited the Latvian Embassy and asked for money in order to purchase airfare home because he did not have the means to do so on his own.

## II.   GOVERNMENT'S BASES FOR DETENTION

The government argues that Mr. Alorini should be held pending trial because he is a Saudi national who resided at the residence where Petrovs claims to have been held. In addition, the government argues that Mr. Alorini "does not appear to have significant ties to the Washington, D.C., area, and does not appear to have verified employment." (Dkt. #5 at 5). The government's claims regarding Mr. Alorini's ties to the area are demonstrably false and as will be explained below, the government's arguments do not support a finding that Mr. Sultan is a danger to the community or a risk of flight and, more importantly, even if they did, they are exactly the types of concerns that can be addressed through the numerous conditions of release available to district courts under 18 U.S.C. §3142.

## III.   PERSONAL HISTORY AND CHARACTERISTICS

Mr. Alorini was born in Saudi Arabia on March 11, 1988. He came to the United States with his family in 2006 on a diplomatic visa. He has resided in the United States ever since. He graduated from George Mason University in 2012 with a degree in Information Technology (IT)

---

[1] Given his conviction in Latvia, it is almost certain that Petrovs lied to both American and Latvian authorities in order to obtain a tourist Visa to the United States.

and entered a post-graduate IT program at George Washington University before transferring to Marymount University, where he obtained a master's degree in or about 2015.

Mr. Alorini has been married for almost 4 years and he and his wife have a 3-year old son. Both of his parents currently reside in Saudi Arabia where his father worked for the Ministry of Education. Mr. Alorini's twin brother resides in Saudi Arabia with his parents and his two sisters are college students who live nearby in Arlington, Virginia.

At the time of his arrest, he was a full-time employee at ECC IT Solutions in Rockville, Maryland. According to a description in the Washington Business Journal, Mr. Alorini "provides help desk services for ECC IT Solutions. He is skilled at installing and troubleshooting computer hardware and software, maintaining network technology, and performing data backup and restoration procedures."

Mr. Alorini has no criminal record and the instant case represents his first contact with the criminal justice system. Contrary to the government's incorrect representations that Mr. Alorini does not have significant ties to D.C., he has a wife, a child, two sisters, and a job in the metropolitan area, where he has resided for approximately 10 years.

IV. ARGUMENT

In the instant case, there are terms and conditions of release that can be fashioned to reasonably assure Mr. Alorini's attendance at court proceedings and the safety of the community upon his release. Mr. Alorini's release on conditions would be consistent with both the stated purpose and intent of 18 U.S.C. § 3142.

A. General Principles

In *Stack v. Boyle*, 342 U.S. 1 (1951), the Supreme Court recognized the significant principles that an individual should not have to suffer imprisonment on a charge for which they

have yet to be convicted and that reasonable conditions of release need to be considered in light of the specific individual before the court.  More recently, the Supreme Court has reinforced those principles by holding that "[f]reedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty th[e] [Fifth Amendment] protects." *Zadvjdas v. Davis*, 533 U.S. 678 (2001); *see also Foucha v. Louisiana*, 504 U.S. 71, 112 (1992) (describing freedom from physical restraint as being at the core of constitutional rights under the Fifth Amendment); *see also United States v. Salerno*, 481 U.S. 751, 755 (1987) ("In our society liberty is the norm and detention prior to trial or without trial is a carefully limited exception.").

Consistent with Supreme Court precedent, the United States Code empowers this Court to use its broad authority and judicial powers to fashion terms and conditions of release from a wide array of options. *See* 18 U.S.C. § 3142(c).  Indeed, the Code contemplates release in *every* case where the Court can "reasonably assure" that the defendant will appear at subsequent proceedings and will not pose a danger to the community.  18 U.S.C § 3142(b).  "Section 3142 speaks of conditions that will 'reasonably' assure appearance, not guarantee it." *See United States v. Xulam*, 84 F.3d 441, 444 (D.C. Cir. 1996); *see also United States v. Orta,* 760 F.2d 887 (8th Cir. 1985) (*en banc*).  To require a "guarantee" would contradict the framework and clear intent of the Bail Reform Act of 1984, which was that Congress intended for detention to apply only to a "small number" of dangerous defendants.  *Id*. at 890-91.  When making the "reasonable" assurance determination, courts must consider "the nature and circumstances of the offense, including whether it is violent or nonviolent in nature; the weight of the evidence; the history and characteristics of the person, including her character, family ties, employment, length of residence in the community, community ties, past conduct, criminal history, and record of

court appearances; and the danger the defendant poses to the community if released." *United States v. Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009) (citing 18 U.S.C. § 3142(g)).

### B. This Court Should Find That There Are Conditions of Release That Will Reasonably Assure Mr. Alorini's Appearance and the Safety of the Community

We respectfully submit that Mr. Alorini's personal history and ties to the community establish that there are conditions available to the Court that will reasonably assure his appearance at future court proceedings and that will ensure the safety of the community. Mr. Alorini is 28 years old and has had no prior involvement with the criminal justice system. He has resided in the United States since approximately 2006 and there is no reason to believe he has been anything other than a law-abiding citizen. While residing in the United States for the past ten years he has graduated from college, obtained a master's degree, and started a family. He also has two sisters who live just miles away from him in Arlington, Virginia.

Because Mr. Alorini is presumed innocent, and because of his personal characteristics, background and community ties, we respectfully submit that he is entitled to release pending trial. Moreover, the government's only witness to Petrovs' alleged abduction is Petrovs himself. Petrovs has already proven himself to be a professional criminal who has repeatedly lied to the government about the alleged offense. Although the government has chosen to minimize Petrovs' criminal past in Latvia, criminal behavior in the United States, likely criminal statements in his Visa application as well as his lies to federal agents, this Court should find that it would be unjust, on this record, to incarcerate Mr. Alorini another day on Petrovs' untested allegations.

WHEREFORE based on the foregoing reasons and any others that may appear to the Court or that may develop at the detention hearing, Mr. Alorini respectfully requests that this Honorable Court grant him a reasonable bond to include any conditions the Court deems appropriate.

Respectfully submitted,

SULTAN ALORINI,
By Counsel


/s/ Danny C. Onorato
Danny C. Onorato
DC Bar 480043
*Attorney for Sultan Alorini*
SCHERTLER & ONORATO, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, DC  20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
donorato@schertlerlaw.com


/s/ Stuart A. Sears
Stuart A. Sears
VA Bar 71436
*Attorney for Sultan Alorini*
SCHERTLER & ONORATO, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, DC  20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
ssears@schertlerlaw.com